UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FIELDTURF USA, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1485-RLY-JMS |
| | ) | |
| QUEST TURF, LLC, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the court on the motion to dismiss filed by Defendant, Quest Turf, LLC ("Defendant), pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. For the reasons set forth below, the court **GRANTS** Defendant's motion.

**I.     Background**

Plaintiff, Fieldturf USA, Inc. ("Plaintiff"), filed the present suit alleging violations of the parties' Installation Agreement. The Installation Agreement is part of a larger Settlement Agreement concluded by the parties. (Settlement Agreement at ¶ 10, Ex. 1 to Declaration of B. Joseph Davis) (incorporating the Installation Agreement). The Settlement Agreement contains a forum selection clause stating venue for disputes over the Agreement shall be in Delaware County, Indiana. (Settlement Agreement at ¶ 7). Plaintiff filed this case in the Southern District of Indiana, Indianapolis Division. Defendant now seeks to dismiss this case for improper venue alleging that the only proper

venue is in the courts of Delaware County, Indiana.

The parties do not dispute that the forum selection clause applies to the Installation Agreement at issue, nor do they dispute the validity of the clause. The only issue before the court is the interpretation of the forum selection clause, specifically, whether the clause may be read to include the Southern District of Indiana as a proper venue.

## II.   Discussion

Rule 12(b)(3) of the Federal Rules of Civil Procedure governs dismissal for improper venue. FED. R. CIV. P. 12(b)(3). A venue challenge based on a forum selection clause is appropriately brought as a motion to dismiss under Rule 12(b)(3). *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006).

The forum selection clause at issue in this case reads:

> The Parties acknowledge that for the purpose of enforcing the terms of this Settlement Agreement venue shall be in Delaware County Indiana.

(Settlement Agreement at ¶ 7). Defendant argues that this language requires that any action to enforce the relevant agreement between the parties be brought *only* in Delaware County, Indiana. Plaintiff, however, argues that because the clause does not specify that any action be brought in a specific court in Delaware County (i.e., the Circuit Court) or that venue be in state court at all, venue in the Southern District of Indiana, which encompasses Delaware County, is proper.

The Seventh Circuit has not addressed this issue directly. However, other Circuit Courts of Appeals and district courts within the Seventh Circuit, including this court,

have interpreted forum selection clauses similar to the one here and concluded that where a forum selection clause specifies venue in a certain county, venue does not extend to the court of the federal judicial district in which that county lies.  In *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997), the Tenth Circuit concluded that where the forum selection clause stated "jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" removal to the federal district court sitting in El Paso County was improper because venue for federal purposes is stated in terms of "judicial districts," not "counties."  In *Progressive Publications, Inc. v. Capitol Color Mail, Inc.*, 500 F. Supp. 2d 1004, 1005–06 (N.D. Ill. 2007), the court held that a forum selection clause stating "[j]urisdiction and venue shall be situated in Kane County, IL" did not extend venue to the Northern District of Illinois, the federal district in which Kane County is a part, because no federal district court sits in Kane County.  In *Gator Wash, LLC v. Lighthouse Carwash Systems, Inc.*, No. 1:07–cv-1494-LJM-TAB, 2008 WL 506070, at *1 (S.D. Ind. Feb. 20, 2008), this court found that where the forum selection clause required any controversy under the relevant agreement be "exclusively in the courts of the county of Marion, State of Indiana" venue in the Southern District of Indiana, which sits in Marion County, Indiana, was improper because the language refers to the specific county and not the specific judicial district.

   This court finds the reasoning in the above cases persuasive.  The forum selection clause at issue here requires that actions regarding the agreement be brought in Delaware County, Indiana.  No federal district court is located in Delaware County, Indiana.

Further, as reasoned by the Tenth Circuit in *Excell*, the language in the forum selection clause refers to a specific *county* in Indiana, not a *judicial district* in Indiana, indicating that venue in this federal district court was not contemplated by the parties.  For these reasons, the court finds that the only proper venue in this case is in the courts of Delaware County, Indiana.  Venue in this court is improper.  Defendant's motion to dismiss (Docket # 8) is therefore **GRANTED**.  This case is dismissed without prejudice.

**SO ORDERED** this 1st day of April 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Michael A. Beason
CHRISTOPHER & TAYLOR
michaelab@iquest.net

Byron Joseph Davis
Attorney at Law
bjosephdavis@comcast.net